**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jerome B. Crites Jr., Trustee of The BAC Trust U/A Dated April 9, 2021, Respondent,

v.

Lawrence E. Miller, Appellant.

Appellate Case No. 2024-000293

———————

Appeal From Charleston County
Robert J. Bonds, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-371
Submitted June 25, 2026 – Filed July 15, 2026

———————

**AFFIRMED**

———————

Jerry Nicholas Theos, John Horton Guerry, and Eugene Gordon Hay, VI, all of Theos Law Firm, LLC, of Charleston, for Appellant.

Lindsey W. Cooper, Jr., of The Law Offices of L.W. Cooper Jr., LLC; Tyler Matthew Vaccarella, of Clawson & Staubes, LLC; Margarete Linsay Boyce, Dustin John Pitts, and Nicholas Paul Tierney, all of Cooper Tierney; all of Charleston, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 500 (Ct. App. 2001) ("Upon review [of a motion for judgment on the pleadings,] the appellate tribunal applies the same standard of review that was implemented by the [circuit] court."); *Rosenthal v. Unarco Indus., Inc.*, 278 S.C. 420, 422, 297 S.E.2d 638, 640 (1982) ("A motion for [j]udgment on the [p]leadings is proper whe[n] . . . the pleadings present no issue of fact or present merely an immaterial issue."); *Nichols Holding, LLC v. Divine Cap. Grp., LLC*, 416 S.C. 327, 335, 785 S.E.2d 613, 617 (Ct. App. 2016) ("In South Carolina jurisprudence, settlement agreements are viewed as contracts." (quoting *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 241, 672 S.E.2d 799, 802 (Ct. App. 2009))); *Regions Bank v. Schmauch*, 354 S.C. 648, 660, 582 S.E.2d 432, 439 (Ct. App. 2003) ("A contract is an obligation which arises from actual agreement of the parties manifested by words, oral or written, or by conduct."); *Electro-Lab of Aiken, Inc. v. Sharp Constr. Co. of Sumter*, 357 S.C. 363, 368, 593 S.E.2d 170, 173 (Ct. App. 2004) ("The necessary elements of a contract are offer, acceptance, and valuable consideration."); *Benya v. Gamble*, 282 S.C. 624, 628, 321 S.E.2d 57, 60 (Ct. App. 1984) ("A contract exists where there is an agreement between two or more persons upon sufficient consideration either to do or not to do a particular act."); *id.* ("The essentials of a contract include an offer and acceptance."); RESTATEMENT (SECOND) OF CONTRACTS § 50 cmt. c (1981) (explaining that a "typical contract consists of mutual promises and is formed by an acceptance constituting a return promise by the offeree"); RESTATEMENT (SECOND) OF CONTRACTS § 50 (1981) ("Acceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer."); *Electro-Lab*, 357 S.C. at 369, 593 S.E.2d at 173 ("Moreover, a contract only arises when there is an actual agreement by the parties in which the parties demonstrate a mutual intent to be bound."); *Masonic Temple v. Ebert*, 199 S.C. 5, 12, 18 S.E.2d 584, 587 (1942) ("It is clear, in the ordinary case, that an offer may be withdrawn at any time *before* its acceptance, by notice given to that effect to the other party." (emphasis added)); *Ballard v. Admiral Ins. Co.*, 442 S.C. 22, 34, 897 S.E.2d 183, 189 (Ct. App. 2023) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the [c]ourt, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[, SCRCP], and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." (quoting Rule 12(c), SCRCP)); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Higgins v. Med. Univ. of S.C.*, 326 S.C. 592, 605, 486 S.E.2d 269, 275 (Ct. App. 1997) (holding the

trial court erred in converting a Rule 12(b)(6) motion into one for summary judgment but finding "the conversion error was harmless inasmuch as dismissal was justified pursuant to Rule 12(b)(6), SCRCP, without reference to matters extrinsic to the pleadings").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.